```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

MICHAEL LLOYD SMITH,           )
                               )
      Petitioner,              )    Civil No. 5: 14-441-JMH
                               )
V.                             )
                               )
RODNEY BALLARD,                )    **MEMORANDUM OPINION**
                               )         **AND ORDER**
      Respondent.              )

                      ***   ***   ***   ***

Michael Lloyd Smith is an inmate at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. Proceeding without an attorney, Smith has filed original and supplemental petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  [R. 1, 5]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions

---

[1] Smith's petition also suggests that he seeks mandamus relief under 28 U.S.C. § 1361, but that provision confers jurisdiction upon this Court to grant mandamus relief against federal, not state, officials, and therefore affords him no additional basis for relief.

pursuant to Rule 1(b)). The Court evaluates Smith's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his original petition, Smith explained that on November 12, 2014, he was granted parole from the sentence imposed in Case No. 09-CR-1056 by the Circuit Court of Fayette County, Kentucky. [R. 1, p. 4] However, instead of being released, he remained in custody at FCDC pursuant to a parole violator warrant, lodged by the State of Michigan as a detainer with the jail. *Id*. at pg. 1. Smith alleged that FCDC Director Ballard refused to "file a 'Interstate Agreement on Detainer' to the State of Michigan on my behalf." Smith indicates that he has not attempted to seek relief from the courts of Kentucky regarding his present claims, and that there is no grievance procedure available at the jail for him to invoke. [R. 5, pp. 3-5] Smith seeks his immediate release from custody and an order requiring Ballard to file an Interstate Agreement on Detainers ("IAD") request on his behalf, backdated to September 10, 2014. [R. 1, pp. 2, 6]

2

There are a number of reasons why Smith's petition must be denied. Most fundamentally, a writ of habeas corpus is not the proper mechanism to enforce rights under the Interstate Agreement on Detainers ("IAD"). *Curtis v. United States*, 123 F. App'x 179, 184–85 (6th Cir. 2005) ("alleged violations of the Interstate Agreement on Detainers are not cognizable under either Section 2254, relating to state proceedings, and Section 2255, relating to federal proceeding … the same logic applies to claims under § 2241 regarding alleged violations of the compact on detainers.")

Smith's petition is also not entirely clear that he properly followed the procedures set forth in the IAD. While the warden is required, upon request, to supply him with a certificate providing information regarding his current term of incarceration, the request for a final disposition of the charges set forth in the detainer must itself originate from the prisoner, which is then merely forwarded by the warden to the prosecuting officer and court on his behalf. Ky. Rev. Stat. 440.450 Art. III §(1), (2).

But even if Smith did follow these procedures, the IAD does not apply here, where the detainer is not based upon an original criminal charge, but for Smith's alleged violation of the terms of his parole in Michigan. *Carchman v. Nash*, 472 U.S. 716, 726 (1985) ("The language of the [IAD] therefore makes clear that

3

the phrase 'untried indictment, information or complaint' in Art. III refers to criminal charges pending against a prisoner. A probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, thus does not come within the terms of Art. III."). This conclusion applies with equal force to detainers predicated upon a claimed violation of the terms of parole. *White v. United States*, No. 96-1298, 1997 WL 205615, at *2 (6th Cir. 1997); *United States v. Romero*, 511 F. 3d 1281, 1284 (10th Cir. 2008) ("the Interstate Agreement on Detainers Act, which requires immediate transfer of a prisoner to another jurisdiction when there are detainers lodged on untried criminal charges, is inapplicable to probation or parole revocation detainers.").

Accordingly, **IT IS ORDERED** that:

1. Smith's original and supplemental petitions for a writ of habeas corpus [R. 1, 5] are **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

This 27th day of February, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

4